# IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| Bryan Patrick Faur,<br><br>        Plaintiff,<br><br>vs.<br><br>Chicago Central & Pacific Railroad Co.,<br><br>        Defendant. | No. LACV 132460<br><br>**NOTICE OF FILING OF<br>NOTICE OF REMOVAL** |

TO: CLERK OF COURT, BLACK HAWK COUNTY DISTRICT COURT, Black Hawk County Courthouse, 316 E. 5th Street, Waterloo, IA 50703

    PLEASE TAKE NOTICE that on this date, Defendant Chicago Central & Pacific Railroad Co., is filing a Notice of Removal of this action to the United States District Court for the Northern District of Iowa, a true and accurate copy of which is attached as Exhibit A hereto, pursuant to the provisions of 28 U.S.C. § 1446(d).

Dated: July 21, 2017

                                              s/*Susan K. Fitzke*
                                              Susan K. Fitzke (Bar No. AT0012102)
                                              SFitzke@littler.com
                                              **LITTLER MENDELSON, P.C.**
                                              1300 IDS Center
                                              80 South 8th Street
                                              Minneapolis, MN 55402.2136
                                              Telephone: 612.630.1000
                                              **ATTORNEYS FOR DEFENDANT**

|  |
|---|
| Proof of Service |
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on July 21, 2017 by: |
| ☐ Hand Delivered ☒ Electronic mail <br> ☐ Federal Express ☐ Other (CM/ECF) |
| Signature:    s/*Susan K. Fitzke* <br>               Susan K. Fitzke |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| Bryan Patrick Faur, | No. _____ |
|---|---|
| Plaintiff, | |
| vs. | NOTICE OF REMOVAL |
| Chicago Central & Pacific Railroad Co., | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and for the sole purpose of removing this matter to the United States District Court for the Northern District of Iowa, Defendant Chicago Central & Pacific Railroad Co. ("Defendant") states:

1. Plaintiff Bryan Patrick Faur ("Plaintiff") filed this action against Defendants in the District Court of Iowa for Blackhawk County, Case No. LACV 132460, on or about June 12, 2017.

2. A copy of Plaintiff's Petition and Jury Demand filed in this action is attached as Exhibit 1 to this Notice.

3. Defendant was served with Plaintiff's Petition through their registered agent(s) on June 23, 2017.

4. Removal of this action has occurred within 30 days of the service of the Petition on Defendant and is therefore timely under 28 U.S.C. § 1446(b)(1).

5. The District Court of Iowa for Blackhawk County lies in the Northern District of Iowa, making this Court the appropriate venue for removal. 28 U.S.C. §§ 1441(a), 1446(a).

EXHIBIT A

6. Plaintiff's Petition sets forth a cause of action for alleged violations of the Americans with Disability Act ("ADA"), 42 U.S.C. §12101. (Compl. ¶ 62.) Said cause of action arises under federal law, affording this Court original jurisdiction over the claim. 28 U.S.C. § 1331.

7. Plaintiff's Petition also sets forth allegations of disability discrimination in violation of the Iowa Civil Rights Act ("ICRA"). This Court has supplemental jurisdiction over Plaintiff's ICRA claim pursuant to 28 U.S.C. § 1367(a) because the ICRA claim form part of the same case or controversy as Plaintiff's ADA claim.

8. In addition, Plaintiff's claims both require interpretation of Collective Bargaining Agreements and thus are preempted by the "extraordinary" preemptive force of the Railway Labor Act. *Bhd. Ry. Carmen of U.S. & Canada, Div. of Transp. Commc'ns Union v. Missouri Pac. R.R. Co.*, 944 F.2d 1422, 1430 (8th Cir. 1991). The complete preemption of such claims independently permits the removal of this action. *Deford v. Soo Line R.R.*, 867 F.2d 1080, 1085 (8th Cir. 1989).

9. After filing this Notice of Removal, Defendants will file a copy of this Notice with the Clerk of the District Court of Iowa for Blackhawk County and will provide notice to Plaintiff as required by § 1446.

10. By this Notice of Removal, Defendant does not waive any defense, jurisdictional or otherwise, that they may possess. Defendant also does not concede that Plaintiff has stated a claim against it. Defendant will respond to Plaintiff's Petition as required by the Federal Rules of Civil Procedure and in accordance with the stipulation of

the parties that Defendants shall have up to and including July 28, 2017, to answer or otherwise respond to Plaintiff's Complaint.

11. For all the foregoing reasons, removal of this case to this Court is proper pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

12. Along with this Notice of Removal, Defendant is filing the information required by Local Rule 81(a). This action is the only matter pending in the state court that will require resolution by this Court, and the following counsel are the only to appear in the state court:

>Dorothy A. O'Brien AT0005877
>Kelsey A.W. Marquard AT0011433
>O'BRIEN & MARQUARD, P.L.C.
>2322 East Kimberly Road, Suite 100E
>Davenport, IA 52807
>Telephone: (563) 355-6060
>Fax: (563) 355-6666
>Email:   dao@emprights.com
>         kawm@emprights.com
>ATTORNEYS FOR PLAINTIFF
>
>Susan K. Fitzke
>Littler Mendelson, P.C.
>1300 IDS Center
>80 South 8th Street
>Minneapolis, MN 55402.2136
>Telephone: 612.630.1000
>Fax: 612.677.3013
>Email:   Sfitzke@littler.com
>ATTORNEYS FOR DEFENDANT

WHEREFORE, Defendant requests that the United States District Court for the Northern District of Iowa assume jurisdiction over the above-captioned action.

Dated: July 21, 2017

/s/ *Susan K. Fitzke*

Susan K. Fitzke, (Bar No. AT0012102)
sfitzke@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone:    612.630.1000
Facsimile:     612.677.3013

**ATTORNEYS FOR DEFENDANT**

|  |
|---|
| Proof of Service |
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on July 21, 2017 by: |
| ☐ Hand Delivered ☒ Electronic mail |
| ☐ Federal Express ☐ Other (CM/ECF) |
| Signature: ___s/*Susan K. Fitzke*___ |
| Susan K. Fitzke |

Firmwide:148586462.1 046769.1304



# IOWA DISTRICT COURT FOR __BLACKHAWK__ COUNTY

BRYAN FAUR
Plaintiff(s)

vs.

CHICAGO CENTRAL & PACIFIC
RAILROAD COMPANY
Defendant(s)

CASE NO. LACV 132460

ORIGINAL NOTICE

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as a defendant in this action, which petition prays(1) for damages for lost wages and benefits, loss of Railroad Retirement service credits, damages to career, mental anguish, attorney fees, punitive damages, reinstatement and for such other relief as is just.

The name(s) and address(es) of the attorney(s) for the plaintiff(s) ~~(is)~~ (are) See Addendum 1.

The attorney'(s') phone number(s) (is) ~~(are)~~ 563-355-6060 ; facsimile number(~~s~~): 563-355-6666.

You must serve a motion or answer on or before (2) _____, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for __Blackhawk__ County, at the courthouse in __Waterloo__, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at __(319) 833-3332__. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE TO PROTECT YOUR INTERESTS.
(1) Here make a general statement of the claim or claims and, subject to the limitation in Iowa R. Civ. P. 1.403(1), the relief demanded (Iowa R. Civ. P. 1.302(1)).
(2) Date inserted here must not be less than 20 days after the day of the last publication of the original notice (Iowa R. Civ. P. 1.303).

© The Iowa State Bar Association 2017
IowaDocs®

Form No. 304, Original Notice for Publication
Revised April 2016

**EXHIBIT 1**

# Addendum

Addendum 1

    Dorothy A. O'Brien and Kelsey A. W. Marquard, O'BRIEN & MARQUARD, PLC; 2322 E. Kimberly Rd, Ste 100E, Davenport, IA 522807

# STATE OF IOWA JUDICIARY

Case No. LACV132460
County BlackHawk

Case Title **B FAUR VS CHICAGO CENTRAL & PACIFIC RR CO**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:



If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 833-3332**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued  06/14/2017 10:08:03 AM



District Clerk of BlackHawk      County
/s/ Gar Osland

IN THE IOWA DISTRICT COURT
FOR BLACKHAWK COUNTY

| BRYAN PATRICK FAUR, <br><br> PLAINTIFF <br><br> v. <br><br> CHICAGO CENTRAL & PACIFIC RAILROAD CO., <br><br> DEFENDANT | LACV 132460 <br><br> PETITION AND JURY DEMAND |
|---|---|

Comes now Bryan Patrick Faur, through his attorneys, Dorothy A. O'Brien and Kelsey A. Marquard, O'BRIEN & MARQUARD, PLC, and for his petition against Chicago Central & Pacific Railroad Co., states:

1. Bryan Patrick Faur (Mr. Faur) is a resident of Clinton County, Iowa and was employed with Defendant Chicago Central & Pacific Railroad Co. (CCP) from May 2012 through May 2015.

2. Defendant is a Delaware corporation that employs more than 500 employees during times relevant to this petition.

3. Mr. Faur worked as a conductor for CCP from May 2012 until the end of 2013 when he went on medical leave.

4. Mr. Faur had a medical condition, which was diagnosed as Restless Leg Syndrome, Periodic Limb Movement Disorder and Insomnia. This condition is a neurological problem that made Mr. Faur hyper sensitive to any changes in his sleep schedule.

5. As a relatively new conductor, Mr. Faur was subject to being called to work at all hours of the day and night and his schedule was irregular. This resulted in Mr. Faur becoming extremely sleep deprived and suffering from black outs, dizziness and physical instability that made it impossible for him to work safely as a conductor.

6. This medical condition and impairment affected Mr. Faur's major life activities of sleeping, working, being conscious and alert during working hours and thinking.

7. Mr. Faur's physician prescribed medication that helped him sleep, but on the medication, he was not able to wake in the middle of the night and go to work when called and as needed.

8. Mr. Faur went on a medical leave of absence during which his condition stabilized. He sought to return to work beginning in the fall of 2014.

9. Acting on the advice of Vicki LaForte, CCP's leave of absence coordinator, Mr. Faur worked with his physician to tailor his medical restrictions so he could work safely and accommodate his condition.

10. In November 2014, Mr. Faur's physician revised his medical restrictions from prohibitions on climbing ladders, operating power tools and heavy equipment to only a limitation that he be assigned to a daytime shift.

11. Mr. Faur was a member of the union during the years he was employed as a conductor.

12. The union and CCP's collective bargaining agreement provided that day shift hours would be assigned based on seniority.

13. As an employee with only three years of seniority, Mr. Faur was not senior enough to qualify for a day-shift assignment.

14. Officials in the CCP immediately responded to Mr. Faur's request that they would not accommodate his day-shift request in the transportation division.

15. Mr. Faur then began a series of communications where he sought to transfer to the Maintenance of Way (MOW) division of the railroad, which had a typically stable schedule and which was overwhelmingly day shift hours.

16. Mr. Faur was qualified for the MOW because he had previously worked in that division for another railroad. Mr. Faur sought this position even though he would earn $8 to $10 per hour less as a rail track maintenance employee.

17. Mr. Faur understood that his status would be as an internal CCP employee, applying to the MOW with no seniority since the MOW has a different union from the transportation division, conductor position he had previously held.

18. Mr. Faur called CCP leave administrator Vicki LaForte in November 2014 and asked for a transfer to the MOW division and let her know about his previous experience.

19. Ms. LaForte referred Mr. Faur to Patrick Crain, an HR manager and railroad employee, who performed HR work for the CCP.

20. Mr. Faur duly contacted Mr. Crain seeking placement in the MOW as an accommodation for his disability.

21. In a series of telephone calls Mr. Faur asked Mr. Crain for assistance in transferring to an MOW position.

22. Mr. Crain initially did not return Mr. Faur's telephone calls.

23. In February 2015 Mr. Faur started emailing Mr. Crain asking for assistance in transferring to an MOW position.

24. Mr. Faur repeatedly asked Mr. Crain for an accommodation that would help him return to work in the MOW.

25. Mr. Crain's initial response was that the CCP was not required to create a position for Mr. Faur (even though Mr. Faur had not asked to have a position created.)

26. Mr. Crain advised Mr. Faur that there must be a vacant position and then eventually advised him that one would be posted in March 2015.

27. Mr. Faur also contacted Jeff Pratt an MOW manager who made hiring decisions in the Waterloo office and expressed his wish to work in the MOW division.

28. Mr. Faur applied for two open positions based out of Waterloo in March 2015, using the CCP's on line application system.

29. The CCP advised Mr. Faur that he had successfully met the requirements to be considered for the MOW positions.

30. The CCP interviewed Mr. Faur and several other applicants for the MOW positions on March 16, 2015.

31. CCP employees Marie Penuel and Jeff Pratt conducted the interview with Mr. Faur, which was scheduled to begin at 11 a.m.

32. Ms. Penuel is an HR employee who reports directly to Mr. Crain.

33. Mr. Crain claims that he did not tell Ms. Penuel that Mr. Faur had requested an accommodation for a disability.

34. During the interview, Ms. Penuel and Mr. Pratt asked Mr. Faur why he wanted to transfer to MOW and why he was restricted to day shift only. They expressed doubt that he would be able to work on the MOW because of his restrictions and disability.

35. Ms. Penuel and Mr. Pratt ended the interview with Mr. Faur after only 11 minutes.

36. Ms. Penuel rated Mr. Farr "inferior."

37. CCP wrote to Mr. Faur after the Waterloo interview and informed him that "after careful consideration, we regret to inform you that your candidacy has not been selected for this position."

38. CCP wrote again to Mr. Faur and said, "After having carefully assessed your application, we found that another candidate meets the required

experience and qualifications more closely, and therefore we will not be continuing with your application."

39. CCP recorded in its applicant flow log for the MOW rail track maintainer position that it had not interviewed Mr. Faur.

40. On March 17, 2015 CCP offered Brandon Hutchinson a position of rail track maintainer out of Waterloo.

41. On information and belief, Mr. Hutchinson had no previous experience as a rail track maintainer.

42. On March 17, 2015 CCP offered Tony Oldenburger a position as rail track maintainer out of Waterloo.

43. On information and belief, Mr. Oldenburger had no previous experience as a rail track maintainer.

44. Neither Mr. Oldenburger nor Mr. Hutchinson were current employees of CCP.

45. CCP did not offer Mr. Faur either rail track maintainer position out of Waterloo.

46. Mr. Faur also applied for a rail track maintainer position based out of Gilman, Illinois in April 2015 and was informed by CCP that he had successfully met the on line criteria.

47. Mr. Faur was not granted an interview for the Gilman position.

48. CCP did not offer Mr. Faur the Gilman position.

49. Mr. Faur was able to successfully performed all the essential functions of the rail track maintainer position.

50. Mr. Faur resigned as a CCP employee in late May 2015 in order to start another job.

51. Mr. Faur has worked as a rail track maintainer for another railroad since the fall of 2015.

52. Mr. Faur has a disability within the meaning of the Iowa Civil Rights Act and the Americans with Disabilities Act.

53. Mr. Faur is a qualified individual with a disability.

54. Mr. Faur satisfied the administratively requirements needed to bring this case by filing a timely charge with the Iowa Civil Rights Commission, which found probable cause to believe discrimination had occurred.

55. At the Iowa Civil Rights Commission, CCP asserted that the *Railway Labor Act,* 45 U.S.C. 151 *et seq.* preempted Mr. Faur's disability discrimination claim under the Iowa Civil Rights Act.

56. Through its attorney, CCP submitted factual and legal materials in support of its position on the Railway Labor Act, which were reviewed by the Administrative Law Judge.

57. The CCP contended that the collective bargaining agreement of the MOW union preempted any discrimination claim and that Mr. Faur was

required to grievance his discrimination claim through the union and arbitration rather than the civil rights commission.

58. The CCP had a full and fair opportunity to present its claim that the Railway Labor Act preempted the discrimination claim.

59. The Administrative Law Judge ruled that the Railway Labor Act did not preempt the discrimination claim, noting that the CCP had hired external candidates with no seniority over Mr. Faur, who had no seniority with the MOW but was the only internal candidate.

60. The Administrative Law Judge's decision on the Railway Labor Act constitutes issue preclusion.

61. Mr. Faur obtained his right to sue letter from the Iowa Civil Rights Commission and brought this case within 90 days of receiving it.

62. CCP's discriminatory actions violate the Iowa Civil Rights Act and the Americans with Disabilities Act in the following ways:

   a. By subjecting Mr. Faur to questions about his disability during the job interview before making a conditional offer of employment.

   b. By refusing to make a reasonable accommodation to Mr. Faur's known disability and need for a day shift schedule.

   c. By refusing to allow Mr. Faur to transfer from the transportation division to the maintenance division as a reasonable accommodation.

    d. By refusing to allow Mr. Faur to transfer to one of three open positions in the MOW division as an accommodation and/or because if his disability.

    e. By failing to engage in an interactive discussion with Mr. Faur to determine an effective and reasonable accommodation.

63. As a result of the actions of CCP, Mr. Faur suffered damages including lost wages and benefits, mental anguish, damage to his career, consequential damages and other losses.

64. CCP violated the Iowa Civil Rights Act by its actions, which damaged Mr. Faur.

65. CCP's actions were taken in reckless disregard of Mr. Faur's right to be free of discrimination.

*Jury Demand*

Mr. Faur demands trial by jury.

*Common Prayer for Relief*

Wherefore, Mr. Faur prays this Court for its order awarding him damages for lost wages and benefits, including loss of Railroad Retirement service credits, damage to his career, mental anguish, attorney fees, punitive damages, reinstatement and for such other relief as is just.

Respectfully submitted,

/S/Dorothy A. O'Brien
Dorothy A. O'Brien AT0005877
Kelsey A.W. Marquard AT0011433
O'BRIEN & MARQUARD, P.L.C.
2322 East Kimberly Road, Suite 100E
Davenport, IA 52807
563-355-6060 Telephone
563-355-6666 Facsimile
dao@emprights.com Email
kawm@emprights.com Email

ATTORNEYS FOR PLAINTIFF